United States District Court
Central District of California
AMENDED AS OF AUGUST 8, 2002

P. Send

UNITED STATES OF AMERICA vs.   Docket No. CR 01-763(A)-DT

Defendant   Aiman Nasser Mohalla   Social Security No. 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
AKA(s): David Solomon; Aiman Mohulla                    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

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person, on this date:
of: July 9, 2002 & August 8, 2002

COUNSEL:   X  WITH COUNSEL Stanley Greenberg, Retained

PLEA:   X  GUILTY, and the Court being satisfied that there is a factual basis for the plea.

OFFENSE: Title 42 U.S.C. Section 408(a)(6): Fraudulent Use of Social Security Number (Count 1 of 3-Count First Superseding Information), Class D Felony; Title 18 U.S.C. 1956(a)(1)(B)(i): Money Laundering (Counts 2-3), Class C Felonies.

JUDGMENT AND PROBATION/COMMITMENT ORDER:

The Court inquired of the defendant and his counsel as to whether there is any legal cause or reason as to the imposition of sentence. Due to the fact that there was not sufficient cause shown to the contrary by the defendant and/or his counsel, the Court ordered judgment as follows: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of: **18 (eighteen) months.** This term consists of **18 (eighteen) months** on each of Counts 1, 2 and 3 of the First Superseding Information, to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **three years.** This term consists of **three years** on each of Counts 1, 2 and 3, all such terms to run concurrently under the following terms and conditions that the defendant shall: (1) comply with the rules and regulations of the Probation Office and General Order 318; (2) participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs, using alcohol, and abusing prescription medications during the period of supervision; (3) pay the speciall assessment and restitution in accordance with this judgment's orders pertaining to such payments, during the period of community supervision; (4) participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the Probation Officer; (5) truthfully and timely file and pay taxes owed for the years of conviction; and shall truthfully and timely file and pay taxes during the period of community supervision. Further, the defendant shall show proof to the Probation Officer of compliance with this order; (6) not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name; and (7) not be employed in any position that requires licensing and/or certification by an local, state or federal agency without prior approval of the Probation Officer.

It is ordered that the defendant shall pay to the United States a special assessment of $300, which is due immediately.
**(CONTINUED ON PAGE TWO)**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: _____ 8/12/02
DICKRAN TEVRIZIAN,
U.S. District Judge

ENTERED
CLERK, U.S DISTRICT COURT
AUG 1 3 2002
CENTRAL DISTRICT OF CALIFORNIA
BY Page 1 of 4   DEPUTY

DATE FILED: August , 2002
SHERRI C. CARTER, Clerk
By: vr

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

1074

8/13 a.m

United States District Court
Central District of California
AMENDED AS OF AUGUST 8, 2002

| | |
|---|---|
| UNITED STATES OF AMERICA vs | Docket No. CR 01-763(A)-DT |
| Defendant: Aiman Nasser Mohalla | Social Security No. 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<br>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 |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

Pursuant to Title 18 U.S.C. Section 3664(d)(5), the determination of restitution is deferred until August 5, 2002 at 1:30 p.m.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

The defendant shall comply with General Order No. 01-05.

IT IS FURTHER ORDERED that the defendant shall pay restitution in the total amount of $71,632 pursuant to Title 18 U.S.C. Section 3663A. The amount of restitution ordered shall be paid as follows: American Express - $41,430; BMW Bank - $30,202. Defendant shall pay restitution to the extent that there are insufficient funds in the possession of the government to satisfy all parties that have made claims against the forfeited funds, including American Express and BMW Bank.

In the event the forfeited funds on deposit are not sufficient to satisfy the claims of all claimants, including American Express and BMW Bank, the defendant shall make partial restitution payments in the sum of $300 per month until paid in full. The Probation Officer may modify the monthly payments in the event of any changes in the defendant's economic circumstances. Defendant shall provide accurate financial statements to the Probation Officer during his period of supervised release.

To the extent there are any balances due and owing after defendant's period of supervised release ends restitution shall continue. All other terms and conditions of the sentence previously imposed on July 9, 2002 shall remain the same. **(CONTINUED ON PAGE THREE)**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: _____ 8/12/02
DICKRAN TEVRIZIAN,
U.S. District Judge

DATED/FILED: August____, 2002

SHERRI CARTER, Clerk
By: vrv

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

**U.S.A. vs AIMAN NASSER MOHALLA**                                    Docket No.:**CR 01-763(A)-DT**

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

## Statutory Provisions Pertaining to Payment and Collection of Financial Sanctions

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## Special Conditions for Probation and Supervised Release

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

U.S.A. vs __AIMAN NASSER MOHALLA__                    Docket No.:__CR 01-763(A)-DT__

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any person engaged in criminal activity, and shall not associa any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to vi her at any time at home or elsewhere and shall p confiscation of any contraband observed in plain the probation officer;
12. the defendant shall notify the probation officer with hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement an informer or a special agent of a law enforceme agency without the permission of the court;
14. as directed by the probation officer, the defendant notify third parties of risks that may be occasione defendant's criminal record or personal history or characteristics, and shall permit the probation offi make such notifications and to conform the defen compliance with such notification requirement;
15. the defendant shall not possess a firearm or othe dangerous weapon;
16. the defendant shall, upon release from any perioc custody, report to the probation officer within 72 h

These conditions are in addition to any other conditions imposed by this Judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____                BY: _____

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____                BY: _____
Deputy Clerk

AO-245-A (01/90)            JUDGMENT AND PROBATION/COMMITMENT ORDER

# NOTICE PARTY SERVICE LIST

Case No. CR 01-763(A)DT    Case Title U.S.A. v. Mohalla

Filed Date 8-12-02    Title of Document Judgment & Commitment Order

|   | |
|---|---|
|   | Atty Sttlmnt Officer |
|   | BAP (Bankruptcy Appellate Panel) |
|   | Beck, Michael J (Clerk, MDL Panel) |
|   | BOP (Bureau of Prisons) |
|   | Calderon, Arthur - Warden, San Quentin |
|   | CAAG (California Attorney General's Office - Keith Borjon, L.A. Death Penalty Coordinator) |
|   | CA St Pub Defender (Calif. State PD) |
|   | Case Asgmt Admin (Case Assignment Administrator) |
|   | Catterson, Cathy (9th Circuit Court of Appeal) |
|   | Chief Deputy Adm |
|   | Chief Deputy Ops |
|   | Clerk of Court |
|   | Death Penalty H/ C (Law Clerks) |
|   | Dep In Chg E Div |
|   | Dep In Chg So Div |
| ✓ | Fiscal Section |
|   | Intake Supervisor |
|   | Interpreter Section |
|   | PIA Clerk - Los Angeles (PIALA) |
|   | PIA Clerk - Santa Ana (PIASA) |
|   | PIA Clerk - Riverside (PIAED) |
| ✓ | PSA - Los Angeles (PSALA) |
|   | PSA - Santa Ana (PSASA) |
|   | PSA - Riverside (PSAED) |
|   | Schnack, Randall (CJA Supervising Attorney) |
|   | Statistics Clerk |
|   | Stratton, Maria - Federal Public Defender |

|   | |
|---|---|
|   | US Attorneys Office - Civil Division -L.A. |
|   | US Attorneys Office - Civil Division - S.A. |
|   | US Attorneys Office - Criminal Division -L.A. |
|   | US Attorneys Office - Criminal Division -S.A. |
|   | US Bankruptcy Court |
| ✓ | US Marshal Service - Los Angeles |
|   | US Marshal Service - Santa Ana |
|   | US Marshal Service - Riverside |
| ✓ | US Probation Office |
|   | US Trustee's Office |

|   | ADD NEW NOTICE PARTY (* print name and address below): |
|---|---|
|   | |

* Print name & address of the notice party if this is the first time this notice party is being served through Optical Scanning. Print ONLY the name of the notice party if documents have previously been served on this notice party through Optical Scanning.

|   | JUDGE / MAGISTRATE JUDGE (list below): |
|---|---|
|   | |
|   | |
|   | |
|   | |

Initials of Deputy Clerk __KB__